DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Justin R. Williams, appeals the decision of the Summit County Court of Common Pleas finding him guilty of murder. We affirm the judgment of the lower court.
 {¶ 2} On July 23, 2004, Defendant was indicted for one count of aggravated murder, in violation of R.C. 2903.01(A) with a firearm specification under 2941.145, and for carrying a concealed weapon under R.C. 2923.12(A)(2). Defendant entered a plea of not guilty, and the case proceeded to a trial by jury. On March 14, 2005, the jury returned a verdict of not guilty on the aggravated murder charge, instead finding him guilty of the lesser included offense of murder, with a firearm specification. The jury also found Defendant guilty of carrying a concealed weapon.
 {¶ 3} On April 27, 2005, Defendant was sentenced to a prison term of fifteen years to life for murder, consecutive to a three-year prison term for the firearm specification, and concurrent to a sixth month prison term for carrying a concealed weapon. Defendant now appeals his murder conviction, asserting three assignments of error for our review. To facilitate ease of discussion, we will consider all three of Defendant's assignments of error together.
 ASSIGNMENT OF ERROR I
"The conviction of [Defendant] for the charge of murder in this case is against the manifest weight of the evidence and should be reversed."
 ASSIGNMENT OF ERROR II
"The trial court incorrectly denied [Defendant's] motion for acquittal in violation of [Cim.R.] 29; specifically, there was not sufficient evidence to prove the offense of murder beyond a reasonable doubt."
 ASSIGNMENT OF ERROR III
"The trial court erred to the prejudice of [Defendant] and in violation of [Crim.R.] 29(A), Article 1, Section 10 of the Ohio Constitution and the Fourteenth Amendment to the Constitution of the United States, when it denied [Defendant's] motion for acquittal."
 {¶ 4} In his three assignments of error, Defendant argues that his conviction was based on insufficient evidence, and was against the manifest weight of the evidence. We disagree.
 {¶ 5} While we note that the sufficiency and manifest weight of the evidence are legally distinct issues, Defendant's three assignments of error may be resolved upon a finding that his conviction was not against the manifest weight of the evidence.State v. Manges, 9th Dist. No. 01CA007850, 2002-Ohio-3193, at ¶ 23, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 386. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. Cuyahoga Falls v.Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735, at 5.
 {¶ 6} In reviewing whether Defendant's conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 7} This court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. Absent extreme circumstances, an appellate court will not second-guess determinations of weight and credibility.Sykes Constr. Co. v. Martell (Jan. 8, 1992), 9th Dist. Nos. 15034 and 15038, at 5-6.
 {¶ 8} In this case, Defendant was convicted of murder under R.C. 2903.02(A), which provides that "[n]o person shall purposely cause the death of another[.]" One acts purposely when he either has the specific intent to cause a certain result or he intends to engage in conduct of a certain nature where that nature of conduct is prohibited by law. R.C. 2901.22(A). At trial, Defendant admitted that he shot the victim, David Singfield, but asserted that he had acted out of self-defense. As Defendant has admitted firing the shots that killed Singfield, the issue before us is whether the jury's rejection of Defendant's claim of self-defense was against the manifest weight of the evidence.
 {¶ 9} The affirmative defense of self-defense places the burden of proof on a defendant to establish the defense by a preponderance of the evidence. State v. Caldwell (1992),79 Ohio App.3d 667, 679.
"In order to establish a general claim of self-defense, the defendant must show (1) that he was not at fault in creating the situation giving rise to the affray, (2) that he had a bonafide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of deadly force, and (3) that he did not violate any duty to retreat or avoid the danger." Id.
If the defendant fails to prove any one of the elements, he has failed to demonstrate that he acted in self-defense. State v.Jackson (1986), 22 Ohio St.3d 281, 284.
 {¶ 10} The evidence in this case revealed that Defendant, his mother and younger sister were the victims of an armed robbery on May 28, 2004, when two masked men broke into their home in the middle of the night and robbed them at gunpoint. The mask fell off of one of the two robbers, and Defendant identified him as Maurice Johnson. Mr. Johnson was thereafter arrested for his involvement in the robbery.
 {¶ 11} After the robbery, Defendant purchased a .357 gun and kept it under his pillow. Later on, Defendant learned from his best friend that David Singfield, the cousin of Mr. Johnson, wanted Defendant to tell the police that they had arrested the wrong man so that his cousin would be released from jail. Defendant did not do so.
 {¶ 12} On July 10, 2004, Defendant went out with a friend for a few drinks. They ended up at a bar in downtown Akron where Defendant saw Singfield. The two got into fight; Singfield threatened Defendant and hit him in the face. After Defendant left the bar and was walking to his car, he heard Singfield threaten him again.
 {¶ 13} Defendant thereafter asked his friend to drive him home. At home, Defendant grabbed his loaded gun and some extra bullets and got back into the car. He then asked his friend to drop him off at the Wooster Hawkins Plaza parking lot, an area where people congregate after the bars are closed, and where shootings and other violence are known to have occurred.
 {¶ 14} As Defendant was walking across the parking lot, he was confronted by Singfield. The two had a verbal exchange, and Defendant drew his gun and fired multiple times at Singfield, who died. Singfield's girlfriend then hit Defendant with her car, injuring him. Defendant went to the emergency room, where the police questioned him twice about the shooting. On both occasions, Defendant denied shooting Singfield. Defendant was interviewed again at the Summit County Jail, and, for the third time, he denied shooting Singfield.
 {¶ 15} At trial, Defendant admitted that he had lied to the police. The State asserts that Defendant's continuous lies to the police serve to cast doubt on his claim of self-defense. Defendant also admitted at trial that he had told the police that Singfield did not have a gun, which cast further doubt on his theory of self-defense.
 {¶ 16} As we mentioned above, in order to successfully establish self-defense, Defendant has the burden to prove by a preponderance of the evidence that: (1) he did not create the situation that lead to the shooting, (2) he honestly believed that he was immediate danger of death or significant bodily harm and that his only way out of the danger was to use deadly force, and (3) that he did not have a duty to retreat or avoid the danger. Caldwell, 79 Ohio App.3d at 679.
 {¶ 17} A reasonable jury could have concluded from the above facts that, by going home to get his gun and having his friend drop him off in the parking lot, Defendant created the situation which resulted in Singfield's death. Alternatively, the jury could have found from Defendant's admission to the police that Singfield did not have a gun, or that Defendant did not honestly believe that he was in immediate danger of death or serious harm. Or the jury could have concluded that as the events occurred in a parking lot, Defendant violated his duty to retreat to avoid the danger. The jury need not dispel all three elements of self-defense; a finding that Defendant did not prove, by a preponderance of the evidence, any one of the three elements invalidates his affirmative defense.
 {¶ 18} We cannot overturn a conviction as being against the manifest weight of the evidence unless we find that the jury "clearly lost its way and created such a manifest miscarriage of justice that * * * a new trial [must be] ordered.'" State v.Williams, 99 Ohio St.3d 493, 2003-Ohio-4396, at ¶ 83, quotingState v. Martin (1983), 20 Ohio App.3d 172, paragraph three of the syllabus. Further, we note that we must make every reasonable presumption in favor of the judgment and findings of fact of the trial court. Karches v. Cincinnati (1988), 38 Ohio St.3d 12,19. In fact, this Court has stated that "[a] conviction may be upheld even when the evidence is susceptible to some possible, plausible, or even reasonable, theory of innocence." State v.Cremeans, 9th Dist. No. 22009, 2005-Ohio-261, at ¶ 7.
 {¶ 19} As the factfinder, the jury was entitled to reconcile any differences and inconsistencies in the testimony and determine that the manifest weight of the evidence supported a finding of guilt, and by extension, did not support a finding that Defendant acted in self-defense. See State v. DeHass
(1967), 10 Ohio St.2d 230. We will not overturn a judgment because the jury "preferred one version of the testimony over the other." State v. Hall (Sept. 20, 2000), 9th Dist. No. 19940, at 9. The evidence persuades us that the trier of fact neither lost its way nor created a manifest miscarriage of justice in convicting Defendant of murder and rejecting his claim of self-defense.
 {¶ 20} Defendant's three assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J. Boyle, J. concur.