[Cite as *State v. Bauldwin*, 2011-Ohio-6435.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96703**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LINDSEY BAULDWIN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-528042

**BEFORE:** S. Gallagher, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** December 15, 2011

**ATTORNEY FOR APPELLANT**

Brooke Deines
Law Offices of Brooke Deines, LLC
815 Superior Avenue East
Suite 1325
Cleveland, OH   44114

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Maxwell M. Martin
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

**{¶ 1}**  Appellant, Lindsey Bauldwin, a.k.a. Orlando Patterson, appeals from his resentencing in the Cuyahoga County Court of Common Pleas.  For the reasons stated herein, we affirm the decision of the trial court.

**{¶ 2}**  Appellant was charged in a four-count indictment with one count of attempted murder (R.C. 2923.02 and 2903.02(A)), two counts of aggravated robbery (R.C. 2911.01(A)(1) and 2911.01(A)(3)), and one count of kidnapping, all with one- and three-year firearm specifications.  He was found guilty by a jury on all counts.  The trial

court sentenced him to eight years on each count, to run concurrently. He was also sentenced to three years for the firearm specifications, to run prior and consecutive to the eight years for the underlying sentence. His total prison term was 11 years.

{¶ 3} On direct appeal, this court affirmed appellant's conviction, but remanded for resentencing. *State v. Bauldwin*, Cuyahoga App. No. 94876, 2011-Ohio-1066.[1] This court found that the charges of aggravated robbery and kidnapping were allied offenses of similar import and subject to merger. Id. at ¶ 51.

{¶ 4} Upon remand, the state elected to proceed on Count 2, aggravated robbery (R.C. 2911.01(A)(3)). The trial court proceeded to sentencing on that count and the other remaining count of attempted murder.

{¶ 5} The state requested that the court impose the same sentence. Appellant and his counsel advocated for a reduced sentence. The resentencing judge reviewed the original sentencing entry and this court's prior opinion, considered the fact pattern that was presented, and commented on the seriousness of the charges and the injuries suffered by the victim. He indicated that he would have imposed a harsher sentence, but he chose to defer to the judgment of the prior judge, who was able to observe the trial and the demeanor of the witnesses.

{¶ 6} After finding Counts 2, 3, and 4 are allied, the court imposed a prison sentence of eight years each on Counts 1 and 2, to run concurrently. The court also

---

[1] The underlying facts of the case were set forth in that opinion and are incorporated herein. Id. at ¶ 2-6.

merged the gun specifications into a single three-year gun specification, to be served prior to and consecutive with all other sentences. Appellant received a total prison term of 11 years. The court also imposed a mandatory five-year term of postrelease control. In its journal entry, the court indicated that it considered all required factors of the law and found that prison is consistent with the purpose of R.C. 2929.11.

{¶ 7} Appellant filed this appeal, raising two assignments of error for our review. His first assignment of error provides as follows: "The resentencing court abused its discretion by failing to properly consider felony sentencing guidelines when it imposed an eleven-year prison term upon appellant."

{¶ 8} In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court set forth a two-step approach that appellate courts are to apply when reviewing felony sentences: "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." Id. at ¶ 26.

{¶ 9} In this case, appellant's sentence was within the statutory range for the offenses he committed. The trial court's entry reflects that it found a prison term to be consistent with the purpose of R.C. 2929.11 and that it considered all required factors. Additionally, the trial court properly imposed postrelease control. Therefore, appellant's

sentence is not clearly and convincingly contrary to law. See id. at ¶ 18. Appellant does not dispute this.

{¶ 10} Appellant claims the trial court abused its discretion when imposing the sentence by failing to properly consider the felony-sentencing guidelines. He complains of the lack of reference to any R.C. 2929.12 factors. However, a trial court is not required to provide any reasons in imposing sentence, and a record may be silent as to judicial findings. See id. at ¶ 12, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Moreover, "R.C. 2929.11 and 2929.12 * * * are not fact-finding statutes * * *. Instead, they serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence."

{¶ 11} While appellant argues the trial court did no more than give a cursory glance to the facts and defer to the judgment of the original sentencing judge, we are not persuaded by this argument. The record reflects that the trial court reviewed this court's prior opinion, the facts presented in the case, the serious nature of the offenses, and the serious injuries suffered by the victim. The court also heard statements from counsel and appellant. It was to appellant's benefit that some deference was given to the original sentencing judge's decision, as the resentencing judge believed a harsher sentence was warranted. We find nothing that prohibits a resentencing judge from giving some consideration to the original sentence. Indeed, the trial judge has the benefit of observing the trial and the demeanor of the witnesses. Finally, the court's journal entry clearly expresses that it gave consideration to all required factors of the law.

Accordingly, we find no abuse of discretion by the trial court and overrule appellant's first assignment of error.

{¶ 12} Appellant's second assignment of error provides as follows: "The sentence is void because the resentencing court failed to comply with [Crim.R. 32]."

{¶ 13} Appellant argues that the resentencing court failed to apprise him of his appellate rights pursuant to Crim.R. 32(B). We find appellant's reliance on *State v. Hunter*, Cuyahoga App. No. 92626, 2010-Ohio-657, to be misplaced.

{¶ 14} This court indicated in *State v. Thomas*, Cuyahoga App. No. 94788, 2011-Ohio-214, ¶ 38, as follows: "Although the trial court in this case failed to advise Thomas of his appellate rights under Crim.R. 32, we find *Hunter* to be distinguishable and the error here to be harmless. In *Hunter*, the defendant was not given appointed counsel and filed his appeal pro se. Here, this court granted Thomas's motion for delayed appeal, and subsequently appointed appellate counsel to represent him in the appeal. Accordingly, we conclude that any argument relative to the omission is moot." See, also, *State v. Gray*, Cuyahoga App. No. 81474, 2003-Ohio-436, ¶ 21 (failure to advise of right to appeal at resentencing hearing was harmless). Other courts have rejected similar arguments where no prejudice is shown. See *State v. Gordon*, Summit App. No. 25317, 2011-Ohio-1045; *State v. Duncan*, Henry App. No. 7-02-10, 2003-Ohio-3879, ¶ 12; *State v. Middleton*, 12th Dist. No. CA2004-01-003, 2005-Ohio-681, at ¶ 25.

**{¶ 15}** Likewise, in this case we find any error in failing to inform appellant of his appellate rights under Crim.R. 32(B) was harmless because he was able to effect a timely appeal through counsel and has not shown any prejudice. Appellant's second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR