[Cite as *State v. Powell*, 2014-Ohio-5787.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    27075 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| HERMAINE POWELL | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    CR 13 04 0958 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2014

CARR, Judge.

{¶1}    Appellant, Hermaine Powell, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms in part, reverses in part, and remands.

I.

{¶2}    On April 17, 2003, the Summit County Grand Jury returned an indictment charging Powell with aggravated robbery, aggravated burglary, kidnapping, felonious assault, and disrupting public services.  Nearly a month later, the Grand Jury issued a supplemental indictment adding a repeat violent offender specification to each of the first four counts of the indictment.  Powell pleaded not guilty to the charges at arraignment and the matter proceeded to jury trial.  Powell was found guilty of aggravated burglary, felonious assault, and disrupting public services, as well as the attendant repeat violent offender specifications.  Powell was found not guilty of aggravated robbery and kidnapping.  The trial court imposed a combined prison sentence of nine years.

**{¶3}** On appeal, Powell raises three assignments of error. This Court rearranges the assignments of error to facilitate review.

II.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S [CRIM.R.] 29 MOTION TO DISMISS THE AGGRAVATED BURGLARY CHARGE FOLLOWING THE CONCLUSION OF THE STATE'S CASE.

**{¶4}** In his third assignment of error, Powell argues that the trial court erred in denying his Crim.R. 29 motion to dismiss with respect to the aggravated burglary charge. This Court disagrees.

**{¶5}** Crim.R. 29(A) provides:

The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

**{¶6}** A review of the sufficiency of the State's evidence and the manifest weight of the evidence adduced at trial are separate and legally distinct determinations. *State v. Gulley*, 9th Dist. Summit No. 19600, 2000 WL 277908 (Mar. 15, 2000). When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶7}    Powell was convicted of aggravated burglary in violation of R.C. 2911.11(A)(1), which states, "No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if * * * [t]he offender inflicts, or attempts or threatens to inflict physical harm on another[.]"  "Occupied structure" is defined as "any house [or] building * * * or any portion thereof, to which any of the following applies:

> (1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present.
>
> (2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present.
>
> (3) At the time, it is specially adapted for the overnight accommodation of any person, whether or not any person is actually present.
>
> (4) At the time, any person is present or likely to be present in it.

R.C. 2909.01(C)

{¶8}    In support of his assignment of error, Powell insists that the State did not prove that he entered the apartment by "force, stealth, or deception" or that he intended to inflict physical harm on another.  Powell supports this assertion by underscoring that the victim's testimony in support of his aggravated burglary conviction contained contradictions.

{¶9}    The State's evidence showed that after attending a house party the previous evening, Jessica Brown received a ride back to her apartment on the morning of April 6, 2013, from a friend.  When they arrived in the parking lot, Ms. Brown saw her boyfriend, Powell, pacing in an agitated state.  Ms. Brown wanted her friend to drive away but, instead, they sat in

the parking lot as Powell approached the vehicle. Powell opened the passenger door and pulled Ms. Brown out of the vehicle by her hair. Instead of intervening, Ms. Brown's friend drove away from the scene. Powell threw Ms. Brown to the ground in the parking lot and began to repeatedly punch her in the head, back, and arms. Though Ms. Brown tried to resist, Powell violently pushed and pulled her up a flight of stairs to the second floor apartment where she was staying. After Powell dragged Ms. Brown up the stairs, he directed her to open the door. Ms. Brown testified that she did not willingly enter the apartment but Powell pushed her inside and locked the door behind them. Powell then continued to punch Ms. Brown and he pulled out a chunk of her hair. Ms. Brown was eventually able to dial 911 but she was unable to speak with the dispatcher because Powell continued to hit her, attempted to pull the phone away, and bit her hand. When the dispatcher called back, Powell answered the phone and stepped outside of the apartment. Ms. Brown then locked the door with the hope of keeping Powell away. Powell proceeded to kick down the door and continue his physical assault on Ms. Brown. Approximately five minutes after Powell reentered the apartment, police arrived on the scene. Ms. Brown informed police that Powell had assaulted her and Powell fled the scene. After a short chase, police were able to apprehend Powell. Ms. Brown spent two days in the hospital due to injuries suffered during assault.

{¶10} In light of the aforementioned evidence, Powell cannot prevail on his argument that the State failed to demonstrate that he forcibly entered the apartment. The first time Powell entered the apartment, he used the threat of violence to coerce Ms. Brown into opening the door. The second time Powell entered, he kicked down a door that had been locked for the specific purpose of keeping him out. This evidence, which came out during the State's direct examination of Ms. Brown, was sufficient to prove that Powell forcibly entered the apartment.

Moreover, each time Powell broke into the apartment, he proceeded to viciously attack Ms. Brown by striking her repeatedly. Thus, Powell's argument that he did not enter the apartment with the intent to cause physical harm is also without merit. Though Powell stresses that Officers Ford and Iverson were not able to corroborate portions of Ms. Brown's testimony because they were not eye witnesses to the incident, we note that we are compelled to construe the testimony in the light most favorable to the State in reviewing the sufficiency of the evidence. *Jenks*, 61 Ohio St.3d at 279. It follows that the evidence presented during the State's case-in-chief was sufficient to withstand Powell's motion for acquittal.

The third assignment of error is overruled.

## ASSIGNMENT OF ERROR I

APPELLANT'S CONVICTIONS OF AGGRAVATED [BURGLARY] AND FELONIOUS ASSAULT WERE CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE, AND THE JURY LOST ITS WAY WHEN IT FOUND THE APPELLANT GUILTY.

{¶11} In his first assignment of error, Powell contends that his convictions for aggravated burglary and felonious assault were against the manifest weight of the evidence. This Court disagrees.

{¶12} A conviction that is supported by sufficient evidence may still be found to be against the manifest weight of the evidence. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997); *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 12.

In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340.

{¶13} In support of his position, Powell argues that the jury lost its way believing Ms. Brown's testimony because it was not credible. Specifically, Powell contends that Ms. Brown was intoxicated at the time of the incident and that portions of her testimony were directly contradicted by Powell's testimony. Most notably, Powell testified that Ms. Brown fell out of the truck simply because she was drunk, and he insisted that he did not pull her out of the truck by her hair. Powell also notes that there was contradictory evidence regarding whether he kicked down the apartment door, whether he voluntarily let the police officers enter the apartment upon their arrival, and whether he pushed one of the officers as he fled the scene. Though the parties undoubtedly presented conflicting evidence in this case, we note that "the trier of fact was in the best position to evaluate the credibility of witnesses, and this Court will not overturn the trial court's verdict on a manifest weight of the evidence challenge simply because the trial court chose to believe certain witnesses' testimony over the testimony of others." *State v. Ross*, 9th Dist. Wayne No. 12CA0007, 2013-Ohio-522, ¶ 16, citing *State v. Crowe*, 9th Dist. Medina No. 04CA0098-M, 2005-Ohio-4082, ¶ 22. As noted above, Ms. Brown provided a detailed account of the attack by Powell, which culminated with Powell kicking down the door to the apartment and continuing his violent assault. Ms. Brown testified that she spent two days in the hospital as a result of the attack. While Powell challenges the credibility of Ms. Brown's testimony, "[a]

conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." *Akron v. Portman*, 9th Dist. Summit No. 22921, 2006-Ohio-2856, ¶ 13. After a thorough review of the record, we cannot say that the jury clearly lost its way in finding Powell guilty of felonious assault and aggravated burglary.

{¶14} The first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FAILING TO MERGE APPELLANT'S AGGRAVATED BURGLARY AND FELONIOUS ASSAULT CONVICTIONS AT SENTENCING IN VIOLATION OF [R.C.] 294[1].25(A), THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

{¶15} In his second assignment of error, Powell argues that the trial court committed plain error when it failed to merge his convictions for aggravated burglary and felonious assault as the crimes were allied offenses of similar import. The State agrees that the matter should be remanded as it is unclear from the record whether the trial court conducted an allied offenses analysis. While Powell couches his argument in terms of plain error in his merit brief, our review of the record reveals that defense counsel raised the allied offenses issue at the sentencing hearing. Defense counsel stated on the record that all three offenses should merge, and the State agreed and asked the court to sentence on the count of aggravated burglary. The trial court responded by stating that it was uncertain whether the counts of aggravated burglary and felonious assault would merge, but it did not resolve that matter prior to moving on to other sentencing matters. Thus, the trial court did not conduct an allied offenses analysis pursuant to *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. Rather than decide this issue in the first instance, it is appropriate to remand this matter to the trial court to make the initial determination of whether Powell's convictions for aggravated burglary and felonious assault were allied

offenses of similar import. *See State v. Hill*, 9th Dist. Summit No. 26519, 2013-Ohio-4022, ¶ 23; *State v. Brown*, 9th Dist. Summit No. 25287, 2011-Ohio-1041, ¶ 50. The second assignment of error is sustained.

III.

{¶16} Powell's first and third assignments of error are overruled. The second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part and the cause remanded for further proceedings consistent with this decision.

Judgment affirmed in part,<br>reversed in part,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

            DONNA J. CARR
            FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JASON D. WALLACE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.