[Cite as *State v. Powell*, 2016-Ohio-2820.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

HERMAINE D. POWELL

    Appellant

C.A. No.      27830

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2013 04 0958

DECISION AND JOURNAL ENTRY

Dated: May 4, 2016

WHITMORE, Judge.

{¶1} Appellant, Hermaine D. Powell, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} Following a jury trial, Powell was convicted of aggravated burglary, felonious assault, and disrupting public services. The trial court sentenced Powell to nine years in prison for aggravated burglary, eight years for felonious assault, and one year for disrupting public services, all to be served concurrently. This is Powell's second appeal to this Court. Only his aggravated burglary and felonious assault convictions are at issue in this appeal.

{¶3} Powell and his girlfriend had arranged to meet at the apartment where she was staying one April night. She, however, did not arrive until the following morning. Powell, who was pacing in the parking lot, pulled her out of the truck she arrived in. In the parking lot, he yanked her hair, hit, punched, and slapped her. He, then, pushed, pulled, and dragged her up the

stairs to the apartment. The assault continued in the apartment. At some point, the victim managed to call 911, but Powell bit her hand and took the phone from her.

{¶4} When the 911 operator called back, Powell exited the apartment with the phone. The victim shut and locked the apartment door. Thereafter, Powell kicked in the door and re-entered the apartment. He again assaulted the victim, pushing, hitting, and punching her. The victim spent two days in the hospital due to her injuries.

{¶5} In his first appeal, Powell argued that: (1) there was insufficient evidence to support his aggravated burglary conviction; (2) his convictions for aggravated burglary and felonious assault were against the manifest weight of the evidence; and (3) his aggravated burglary and felonious assault convictions should have merged as allied offenses of similar import. This Court overruled his sufficiency and manifest weight challenges, but remanded the matter to the trial court to determine the allied offenses issue in the first instance. *State v. Powell*, 9th Dist. Summit No. 27075, 2014-Ohio-5787 ("*Powell I*").

{¶6} After our remand, the trial court held a hearing on March 18, 2015 and found that the aggravated burglary and felonious assault convictions did not merge. The court re-imposed Powell's original sentence. The trial court failed to inform Powell of his appellate rights at that hearing.

{¶7} Two days later, the trial court informed Powell of his appellate rights in open court. The trial court appointed appellate counsel to represent Powell. A delayed appeal was filed and accepted by this Court. In this appeal, Powell raises two assignments of error for our review.

Assignment of Error Number One

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT MERGING COUNTS II [AGGRAVATED BURGLARY] AND IV [FELONIOUS ASSAULT].

{¶8} In his first assignment of error, Powell argues that his aggravated burglary and felonious assault convictions were allied offenses of similar import. We disagree.

{¶9} Although Powell's assigned error references the abuse-of-discretion standard, within the body of his brief he recognizes that a trial court's allied offenses determination is reviewed de novo. The State agrees that the correct standard is de novo, and we will apply that standard of review. *See State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 1 ("a reviewing court should review the trial court's R.C. 2941.25 determination de novo").

{¶10} Ohio's allied offenses statute, R.C. 2941.25, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶11} A defendant may be convicted of multiple offenses under R.C. 2941.25(B), "if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows the offenses were committed with separate animus." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph three of the syllabus[1].

---

[1] In *Powell I*, we noted that the trial court had not conducted an allied offenses analysis under *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. *Powell I*, 2014-Ohio-5787, at ¶ 15. The trial court's journal entry following its hearing on remand states that it "performed an analysis in

{¶12} Powell was convicted of aggravated burglary in violation of R.C. 2911.11(A)(1). The statute's prohibition states, "No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if * * * [t]he offender inflicts, or attempts or threatens to inflict physical harm upon another."  Powell was also convicted of felonious assault in violation of R.C. 2903.11(A)(1), which provides: "No person shall knowingly * * * [c]ause serious physical harm to another * * *."

{¶13} Powell focuses on the physical harm element of aggravated burglary and felonious assault.  He contends, "The same conduct for the alleged physical harm of the felonious assault is also present within the aggravated burglary."  Powell does not identify what conduct caused the physical harm for either the felonious assault or the aggravated burglary.  In addition, Powell fails to recognize that the victim suffered multiple physical harms.

{¶14} In determining that the felonious assault and the aggravated burglary did not merge, the trial court observed:

> The felonious assault occurred at the truck, as you dragged her up into the house and inside the apartment, and after you went out after she tried to call 911 and you retrieved the phone from her and took it.  When they called back, you went outside the apartment to speak to the 911 operator and she locked the door on you. You then broke the door in.
>
> So the aggravated burglary, breaking the door in and then continuing to assault her thereafter, those are separate instances, and the [c]ourt does not feel that they merge * * * .  They are not of similar import, and they were not committed with a single state of mind.

---

accordance with *State v. Johnson*" in finding that the offenses did not merge.  The trial court's hearing was held on March 18, 2015.  On March 25, 2015, the Supreme Court issued its decision in *Ruff* "revisit[ing] the holding in *State v. Johnson*" to provide needed clarity.  *Ruff* at ¶ 1.  *Ruff* "supplements and clarifies the *Johnson* test" and this Court will apply *Ruff*.  *See, e.g., State v. Kirkby*, 9th Dist. Summit Nos. 27381 and 27399, 2015-Ohio-1520, ¶ 29, fn. 2.

{¶15} The record supports the trial court's conclusion that the initial felonious assault and the aggravated burglary do not merge. Powell re-assaulted the victim after he kicked in the door. Thus, the physical harm supporting the aggravated burglary conviction was separate from the physical harm caused by the earlier felonious assault. After the victim attempted to call 911, the defendant exited the apartment with the phone and the victim locked the door. These events "created a distinct line of demarcation" between the earlier felonious assault and the physical harm Powell inflicted on the victim after he kicked in the apartment door. *See State v. Dembie*, 9th Dist. Lorain No. 14CA010527, 2015-Ohio-2888, ¶ 11. The offenses were committed separately and with a separate animus.

{¶16} Powell's first assignment of error is overruled.

Assignment of Error Number Two

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DID NOT FOLLOW THE STATUTORY SENTENCING GUIDELINES UNDER R.C. 2929.11 AND FAILED TO INFORM MR. POWELL OF HIS APPEAL RIGHTS.

{¶17} In his second assignment of error, Powell argues that the trial court did not consider the purposes of felony sentencing or the seriousness and recidivism factors when sentencing him. In addition, he argues that he is entitled to a resentencing hearing because the trial court belatedly informed him of his appellate rights. We disagree.

Sentence

{¶18} As an initial matter, we must determine whether Powell can challenge aspects of his sentences that he did not challenge in his first appeal. In Powell's first appeal, he challenged the trial court's failure to merge his felonious assault and aggravated burglary convictions. He did not contend, as he does now, that the trial court failed to follow other statutory sentencing guidelines.

{¶19} We "remand[ed] to the trial court to make the initial determination of whether Powell's convictions for aggravated burglary and felonious assault were allied offenses of similar import." *Powell I*, 2014-Ohio-5787, at ¶ 15. On remand, the trial court determined that the felonious assault and aggravated burglary were not allied offenses, a finding that we have upheld under Powell's first assignment of error. The trial court then re-imposed Powell's original sentence.

{¶20} If Powell was entitled to a de novo resentencing on remand, then res judicata would not bar him from objecting to issues that arose at the resentencing hearing and challenging the resulting sentence. *See State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 30. But, when a trial court determines on remand that offenses are not allied, it does not have authority to conduct a de novo resentencing on those offenses. *State v. Ross*, 9th Dist. Lorain Nos. 14CA010601 and 14CA010602, 2015-Ohio-3399, ¶ 6. Absent a conclusion that offenses are allied and merge for purposes of sentencing, a trial court is without authority to alter the sentence originally imposed. *State v. McIntyre*, 9th Dist. Summit No. 27670, 2016-Ohio-93, ¶ 12.

{¶21} Because the trial court determined that Powell's offenses did not merge, he was not entitled to a de novo resentencing hearing and his arguments regarding his re-imposed sentence are barred by res judicata.

Appellate Rights

{¶22} Powell also argues that he is entitled to be resentenced because the trial court failed to advise him of his appellate rights at the time that it re-imposed his sentence upon him. Crim.R. 32(B) lists advisements that the trial court must make after imposing sentence. The parties agree that these advisements were not given at the March 18th hearing, but were given two days later.

**{¶23}** Powell relies on *State v. Hunter*, 8th Dist. Cuyahoga No. 92626, 2010-Ohio-657. In *Hunter*, a pro se appellant argued that the trial court erred when it failed to appoint him appellate counsel following his resentencing. The Eighth District found that the trial court failed to inform Hunter of his appellate rights under Crim.R. 32, which included the right to counsel. *Id*. at ¶ 21. The remedy was "for the trial court to resentence Hunter advising him of these rights, thus reinstating the time within which he may file a timely notice of appeal on the resentencing." *Id*.

**{¶24}** The State relies on *State v. Gordon*, 9th Dist. Summit No. 25317, 2011-Ohio-1045, and contends that any error was harmless. In *Gordon*, this Court noted that a trial court's failure to advise a defendant of his appellate rights under Crim.R. 32(B) is harmless where counsel was appointed and a timely appeal filed. *Id*. at ¶ 14. When an appeal is filed by counsel, the defendant-appellant cannot demonstrate prejudice from the failure to receive the advisement. *See id*.

**{¶25}** The present case is more akin to *Gordon* than *Hunter*. In *Hunter*, the defendant-appellant was not appointed counsel and, therefore, was proceeding pro se on appeal. By contrast, in *Gordon* and the present case, the defendant-appellant was appointed counsel who pursued an appeal on his behalf. Powell has not demonstrated that he was prejudiced by the trial court's failure to advise him of his appellate rights at the March 18th hearing. *See State v. Bauldwin*, 8th Dist. Cuyahoga No. 96703, 2011-Ohio-6435, ¶ 14-15 (distinguishing *Hunter* from cases where a defendant-appellant is able to pursue either a timely or a delayed appeal with appointed counsel).

**{¶26}** Powell's second assignment of error is overruled.

III

**{¶27}** Powell's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JASON D. WALLACE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RACHEL M. RICHARDSON, Assistant Prosecuting Attorney, for Appellee.