[Cite as *State v. Fedrick*, 2017-Ohio-2635.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 28120 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JONATHAN E. FEDRICK | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 2015 03 0768 |

DECISION AND JOURNAL ENTRY

Dated: May 3, 2017

TEODOSIO, Judge.

{¶1}   Appellant Jonathan E. Fedrick appeals his conviction and sentence from the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   Mr. Fedrick was indicted on nine separate counts: the first six counts arose from events occurring on March 12, 2015, while counts seven through nine arose from events taking place on March 20, 2015.  Upon the motion of Mr. Fedrick, the trial court severed counts one through six from counts seven through nine, the latter being set for trial.

{¶3}   On November 19, 2015, a jury found Mr. Fedrick guilty of two charges (counts seven and eight) of felonious assault and two firearm specifications.  At bench trial, the trial court found Mr. Fedrick guilty of having weapons while under disability (count nine).

{¶4}   In December 2015, Mr. Fedrick pled guilty to having weapons while under disability and possession of cocaine (counts one and four).  The felonious assault and firearm

specification in count eight were merged into the felonious assault and firearm specification of count seven. Counts two, three, five, and six were dismissed.

{¶5} The trial court sentenced Mr. Fedrick to three years for count one and one year for count four. He was also sentenced to eight years for count seven, three years for count nine, and three mandatory years for the firearm specification to count seven, to be served consecutively with each other, but concurrently with counts one and four, for a total sentence of fourteen years. Mr. Fedrick now appeals, raising three assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON THE INFERIOR OFFENSE OF AGGRAVATED ASSAULT.

{¶6} In his first assignment of error, Mr. Fedrick argues the trial court erred by not instructing the jury on aggravated assault as an inferior degree offense of felonious assault. We disagree.

{¶7} "An appellate court reviews a trial court's refusal to give a requested jury instruction for abuse of discretion." *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 240. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} "An offense is an 'inferior degree' of the indicted offense where its elements are identical to or contained within the indicted offense, except for one or more additional mitigating elements." *State v. Deem*, 40 Ohio St.3d 205 (1988), paragraph two of the syllabus. "[T]he offense of aggravated assault is an inferior degree of the indicted offense—felonious assault— since its elements are identical to those of felonious assault, except for the additional mitigating

element of serious provocation." *Id*. at 210-211. "Thus, in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury." *Id*. at paragraph four of the syllabus.

{¶9} The evidence will be sufficient to entitle a defendant to an instruction on aggravated assault as an inferior degree of felonious assault, if "'under any reasonable view of the evidence, and when all of the evidence is construed in a light most favorable to the defendant, a reasonable jury could find that the defendant had established by a preponderance of the evidence the existence of * * * the mitigating circumstance[].'" *State v. Bostick*, 9th Dist. Summit No. 25853, 2012–Ohio–5048, ¶ 6, quoting *State v. Rhodes*, 63 Ohio St.3d 613, 617–618 (1992). "The trial judge is required to decide this issue as a matter of law, in view of the specific facts of the individual case. The trial judge should evaluate the evidence in the light most favorable to the defendant, without weighing the persuasiveness of the evidence." *State v. Shane*, 63 Ohio St.3d 630, 637 (1992).

{¶10} "Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force." *Deem* at 211, quoting *State v. Mabry*, 5 Ohio App.3d 13 (8th Dist.1982), paragraph five of the syllabus. "In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time." *Id*.

{¶11} The Supreme Court of Ohio has set forth the test to apply to determine if the instruction is appropriate:

> First, an objective standard must be applied to determine whether the alleged provocation is reasonably sufficient to bring on a sudden passion or fit of rage.

> That is, the provocation must be "sufficient to arouse the passions of an ordinary person beyond the power of his or her control." If this objective standard is met, the inquiry shifts to a subjective standard, to determine whether the defendant in the particular case "actually was under the influence of sudden passion or in a sudden fit of rage."

*State v. Mack*, 82 Ohio St.3d 198, 201 (1998), quoting *Shane* at 634–635. "It is only at that point that the 'emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time' must be considered." *Shane* at 634, quoting *Deem* at paragraph five of the syllabus.

{¶12} The Ohio Supreme Court has held that "[w]ords alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations." *Shane* at paragraph two of the syllabus. "Furthermore, a theory of self-defense is incompatible with a theory of aggravated assault, because the former requires proof of defendant's fear or apprehension while the latter requires a showing of serious provocation or rage." *State v. Cremeans*, 9th Dist. Summit No. 22009, 2005-Ohio-261, ¶ 16.

{¶13} The events underlying the present matter took place outside a residence in Akron, Ohio, on March 20, 2015, where a family get-together was taking place. The testimony at trial indicated that Mr. Fedrick arrived at the house and had an altercation with one of the guests, at which time he discharged a firearm. The bullet was alleged to have almost hit one of the guests. Mr. Fedrick then left the residence, but returned on two separate occasions later the same day. During these subsequent visits, Mr. Fedrick and the victim were engaged in a verbal argument, however at no point did the argument become physical. It was during the third visit that Mr. Fedrick asked the guests if "anybody [had] a problem," to which the victim answered in the affirmative because he believed that the bullet that was fired earlier in the day by Mr. Fedrick had almost hit his wife.

{¶14}  Although the testimony varies slightly, at some point soon thereafter, Mr. Fedrick took out a firearm and threatened to kill the victim, to which the victim responded in kind, saying that if Mr. Fedrick didn't kill him now, he would come back and kill Mr. Fedrick.  There is also testimony that before the gun was fired, the victim took off his jacket.  It was at that point that Mr. Fedrick, who was standing behind the open door of an automobile, shot the victim in the stomach.

{¶15}  The trial court did not find "adequate provocation to put the Defendant in the state of mind that [would entitle him] to an aggravated assault charge," i.e., provocation reasonably sufficient to bring on a sudden passion or fit of rage.  The testimony in this case is consistent in showing that the victim and Mr. Fedrick were engaged in a heated verbal argument, but there was no physical contact between the two of them.  Mr. Fedrick had brandished a firearm, while the victim did not have a weapon.  Mr. Fedrick threatened to kill the victim, and the victim responded with his own threat.  However, any provocation of Mr. Fedrick by the victim took the form of words alone, which does not constitute reasonably sufficient provocation to incite the use of deadly force.  Because Mr. Fedrick did not present sufficient evidence of serious provocation, the trial court did not abuse its discretion in not giving the inferior offense instruction of aggravated assault to the jury.  Mr. Fedrick's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN FAILING TO MERGE ALLIED OFFENSES
AND IN IMPOSING MAXIMUM AND CONSECUTIVE SENTENCES.

{¶16}  In his second assignment of error, Mr. Fedrick argues that the counts for felonious assault and having weapons while under disability should have been merged by the trial court and that consequently, the imposition of any prison term was in error.  We disagree.

{¶17}  "R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibit[] multiple punishments for the same offense." *State v. Underwood*, 124 Ohio St.3d 365, 2010–Ohio–1, ¶ 23.  Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: "(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *State v. Ruff*, 143 Ohio St.3d 114, 2015–Ohio–995, ¶ 25.  The Supreme Court stressed that this inquiry "is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Id*. at ¶ 26.  "Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id*. at paragraph two of the syllabus.

{¶18}  It is the defendant's burden to establish that the trial court failed to merge the sentences for allied offenses of similar import and that the defendant is entitled to the protection of R.C. 2941.25.  *State v. Dembie*, 9th Dist. Lorain No. 14CA010527, 2015–Ohio–2888, ¶ 8.  "To do so, the defendant must show that the State relied upon the same conduct to support both offenses." *State v. Choate*, 9th Dist. Summit No. 27612, 2015-Ohio-4972, ¶ 19; *see also State v. Logan*, 60 Ohio St.2d 126, 128 (1979).  When the issue is raised for the first time on appeal, as is the case here:

> An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice.  Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate

animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.

*State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3.

{¶19} In the present case, the felonious assault as charged in count seven of the indictment occurred on March 20, 2015. There are two separate counts for having weapons while under disability: count one, which occurred on March 12, 2015; and count nine, which occurred on March 20, 2015. The offense of having weapons while under disability that took place on March 12 was of dissimilar import, was committed separately, and was committed with separate animus from the offense of felonious assault that took place on March 20.

{¶20} With regard to the offense of having weapons while under disability that occurred on March 20, 2015, the record shows that Mr. Fedrick discharged a firearm on two separate occasions on that day, endangering at least two different individuals. As noted above, Mr. Fedrick bore the burden of demonstrating that the State relied upon the same conduct to support both offenses. *See Logan* at 128. Based upon the evidence at trial and the arguments raised on appeal, we cannot conclude Mr. Fedrick has carried that burden here. Mr. Fedrick has also not shown that the trial court committed plain error when it sentenced him on both of the counts. When a defendant's conduct puts more than one individual at risk, that conduct can support multiple convictions because the offenses are of dissimilar import. *Ruff*, 143 Ohio St.3d at ¶ 23. Moreover, the two discharges of the firearm occurred approximately four hours apart, and thus were committed separately. Accordingly, the trial court did not commit plain error when it sentenced Mr. Fedrick for both the felonious assault and having weapons while under disability.

{¶21} Under this assignment of error, Mr. Fedrick further suggests that the State's remark at sentencing that he was "a repeat violent offender" in some way impacted the sentence

imposed by the trial court. He also raises the separate argument that, the issue of merger notwithstanding, the trial court erred in imposing maximum and consecutive sentences because it focused solely on Mr. Fedrick's criminal history and did not request a complete PSI. Mr. Fedrick provides no caselaw in support of these arguments and points to nothing in the sentencing entry that would indicate error by the trial court.

{¶22} In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶23} The Supreme Court of Ohio has held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856, paragraph seven of the syllabus. Where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes. *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, ¶ 18 fn. 4. Unless the record specifically shows that the trial court failed to consider these factors, or shows that the sentence is strikingly inconsistent with these factors, the trial court is presumed to have considered them if the sentence is within the statutory range. *State v. Fernandez*, 9th Dist. Medina No. 13CA0054–M, 2014–Ohio–3651, ¶ 8.

**{¶24}** Mr. Fedrick does not dispute that his sentence falls within the statutory range. The sentencing entry states the trial court "considered the Presentence Investigation Report, the Defendant's record, statements of counsel and the Defendant, as well as the principles and purposes of sentencing under O.R.C. 2929.11, and the seriousness and the Defendant's recidivism factors under O.R.C. 2929.12." The record does not show that the court failed to consider the requisite factors or that the sentence is strikingly inconsistent with the factors. Accordingly, we conclude that the trial court did not err by imposing a fourteen-year sentence in this matter as such a sentence is neither unwarranted nor clearly and convincingly contrary to law.

**{¶25}** Mr. Fedrick's second assignment of error is overruled.

### ASSIGNMENT OF ERROR THREE

THE VERDICT FORM WAS INSUFFICIENT TO SUPPORT THE CONVICTION AND SENTENCE FOR FELONIOUS ASSAULT AS A FELONY OF THE SECOND DEGREE.

**{¶26}** In his third assignment of error Mr. Fedrick argues that the verdict form for felonious assault was deficient under R.C. 2945.75(A)(2) and was only sufficient to support a conviction for "simple" assault. We disagree.

**{¶27}** We explained in *State v. Benford*, 9th Dist. Summit 25298, 2011-Ohio-564, at ¶ 17:

"Under Section 2945.75(A)(2) of the Ohio Revised Code, "[w]hen the presence of one or more additional elements makes an offense one of more serious degree * * * [a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." The Ohio Supreme Court has held that "the clear language of R.C. 2945.75" requires a verdict form signed by a jury to "include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *State v. Pelfrey*, 112 Ohio St.3d 422, 860 N.E.2d

735, 2007-Ohio-256, at ¶ 14. If the verdict form fails to include either one, the defendant may be convicted of only the least degree available under the statute with which he was charged. *Id.*

{¶28} Mr. Benford had been charged with felonious assault under Section 2903.11(A)(1) of the Ohio Revised Code. *Id.* at ¶ 18. We noted that simple assault, which is codified under R.C. 2903.13, is not included in the felonious assault statute, which is codified under R.C. 2903.11. The least degree of offense available under the statute with which he was charged, R.C. 2903.11, was a second-degree felony. We concluded that "because the verdict forms in [the] case included neither the degree of the offense or a statement that an aggravating element was found to justify an enhancement to a greater degree, Mr. Benford [could] be convicted of only a second-degree felony." *Id.* The sentencing entry correctly reflected a second-degree felony conviction for felonious assault, and therefore Mr. Benford's assignment of error was overruled. *Id.* Mr. Fedrick asks that we overrule our decision in *Benford*; we decline to do so.

{¶29} In the present case, Mr. Fedrick was charged with felonious assault under count seven of the supplemental indictment, in violation of R.C. 2903.11(A)(1), a felony of the second degree, and with felonious assault under count eight of the supplemental indictment, in violation of R.C. 2903.11(A)(2), a felony of the second degree. The jury found Mr. Fedrick guilty of both counts of felonious assault, which were renumbered as "COUNT ONE (Serious Physical Harm)" and "COUNT TWO (Deadly Weapon)" on the verdict forms. The trial court's sentencing entry merged count eight into count seven, and sentenced Mr. Fedrick under "Count 7 of the Supplement 1, Felonious Assault, Ohio Revised Code Section 2903.11(A)(1), a felony of the second (2nd) degree, for a definite term of Eight (8) years."

**{¶30}** The verdict forms listed neither the degree of the offense nor a statement that an aggravating element was found. Under R.C. 2945.75(A)(2), Mr. Fedrick may be convicted of only the least degree available under the statute with which he was charged. The least degree of offense available under R.C. 2903.11 is a second-degree felony, and the sentencing entry correctly reflects a second-degree felony conviction for felonious assault. Mr. Fedrick's third assignment of error is overruled.

III.

**{¶31}** Mr. Fedrick's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MARK H. LUDWIG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.