[Cite as *State v. Moore*, 2019-Ohio-1330.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28914 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DEPRISE MOORE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2017-02-0421 |

DECISION AND JOURNAL ENTRY

Dated: April 10, 2019

TEODOSIO, Presiding Judge.

{¶1} Appellant, Deprise Moore, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In January of 2017, Mr. Moore was driving his girlfriend's vehicle when he sped through a stop sign and crashed into another vehicle, driven by the 72-year-old victim. The impact caused the victim's car to spin around and collide with a nearby telephone pole. Mr. Moore crawled out of his vehicle and fled from the scene. He initially convinced his girlfriend to report her vehicle as stolen, but later obtained counsel and eventually turned himself into police.

{¶3} Among her numerous injuries suffered in the accident, the victim's spine was severed, and first responders needed the "jaws of life" to remove her from her vehicle. Due to the severity of her injuries, she was unable to attend her daughter's funeral one month later. She

is now paralyzed from the waist down and will be confined to a wheelchair for the remainder of her life.

{¶4}   Mr. Moore was charged with, and pled guilty to, one count of vehicular assault, a felony of the third degree, one count of stopping after accident/hit skip, a felony of the fifth degree, and one count of driving under suspension, a misdemeanor of the first degree.  The trial court found him guilty and ordered a presentence investigation report ("PSI") to be completed. The court ultimately sentenced him to a mandatory five years in prison for vehicular assault and six months in prison for stopping after accident/hit skip, to be served consecutively with each other.  The court also sentenced him to 180 days in jail for driving under suspension, to be served concurrently.

{¶5}   Mr. Moore now appeals from his convictions and raises one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED PLAIN ERROR TO THE PREJUDICE OF [MR. MOORE] SENTENCING HIM TO A COMBINED TERM OF FIVE-AND-A-HALF YEARS IMPRISONMENT FOR THE CHARGES OF VEHICULAR ASSAULT AND [STOPPING AFTER ACCIDENT/HIT SKIP].

{¶6}   In his sole assignment of error, Mr. Moore argues that the trial court committed plain error in ordering consecutive sentences for allied offenses of similar import, i.e., vehicular assault and stopping after accident/hit skip.  We disagree.

{¶7}   Because Mr. Moore did not raise this issue at the trial court level, he concedes that he has forfeited all but plain error on appeal.  *See State v. Beech*, 9th Dist. Summit No. 29036, 2019-Ohio-120, ¶ 17.  "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  Crim.R. 52(B).  "Under a plain

error review, any mistake by the trial court regarding allied offenses 'is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice.'" *Beech* at ¶ 17, quoting *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3. Mr. Moore therefore bears the burden of demonstrating "'a reasonable probability that [his] convictions are for allied offenses of similar import committed with the same conduct and without a separate animus[.]'" *Id.*, quoting *Rogers* at ¶ 3. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶8} "R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and [Article I, Section 10,] of the Ohio Constitution, which prohibits multiple punishments for the same offense." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 23. R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶9} The Supreme Court of Ohio clarified the standard for an analysis of allied offenses of similar import in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995. "In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import." *Id.* at paragraph one of the syllabus. "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Id.* at ¶ 26. "Animus" has been

defined as "purpose or, more properly, immediate motive." *State v. Logan*, 60 Ohio St.2d 126, 131 (1979). Multiple offenses are of dissimilar import "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff* at ¶ 26. Therefore, "courts must ask three questions when [a] defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?" *Ruff* at ¶ 31. "An affirmative answer to any of the above will permit separate convictions." *Id.* "It is the defendant's burden to establish his or her entitlement to the protections of Section 2941.25." *State v. Dembie*, 9th Dist. Lorain No. 14CA010527, 2015-Ohio-2888, ¶ 8. "'To do so, the defendant must show that the State relied upon the same conduct to support both offenses.'" *State v. Fedrick*, 9th Dist. Summit No. 28120, 2017-Ohio-2635, ¶ 18, quoting *State v. Choate*, 9th Dist. Summit No. 27612, 2015-Ohio-4972, ¶ 19. *See also Logan* at 128.

{¶10} Mr. Moore argues that the offenses of vehicular assault and stopping after accident/hit skip are allied offenses of similar import because they arose from the same conduct, and stopping after accident/hit skip could not be committed without also committing vehicular assault. We first note that Mr. Moore only analyzes his allied offenses issue under the test set forth in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, syllabus. Because *Ruff* "'supplements and clarifies the *Johnson* test,'" however, this Court will instead apply the test set forth in *Ruff*. *See State v. Powell*, 9th Dist. Summit No. 27830, 2016-Ohio-2820, ¶ 11, fn. 1, quoting *State v. Kirkby*, 9th Dist. Summit Nos. 27381 and 27399, 2015-Ohio-1520, ¶ 29, fn. 2.

{¶11} The record is clear that a PSI was ordered and completed in this case, and the trial court and both parties acknowledged their receipt and review of the PSI during Mr. Moore's

sentencing hearing. Unfortunately, Mr. Moore has not included the PSI in the appellate record, despite his burden to ensure that the record on appeal is complete. *See State v. Snyder*, 9th Dist. Summit No. 28109, 2016-Ohio-7881, ¶ 11, citing *State v. Yuncker*, 9th Dist. Medina No. 14CA0068-M, 2015-Ohio-3933, ¶ 17, citing App.R. 9 ("It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal."). "'[W]here the substance of the [PSI] is necessary to enable this Court to review the propriety of the sentence, the appellant's failure to ensure that the record includes the report will require a presumption of regularity in the sentencing proceedings.'" *Id.*, quoting *State v. Daniel*, 9th Dist. Summit No. 27390, 2014-Ohio-5112, ¶ 5.

{¶12} This Court has occasionally, however, still addressed allied offense arguments on the merits when the appellant failed to include the PSI in the appellate record. *See, e.g., State v. Peterson*, 9th Dist. Summit No. 27890, 2016-Ohio-1334, ¶ 7-11. Our review of the limited record before us—without the PSI—nonetheless leads us to the conclusion that Mr. Moore's offenses were not allied offenses of similar import. Mr. Moore committed the offense of vehicular assault when his reckless operation of a motor vehicle caused serious physical harm to the victim. *See* R.C. 2903.08(A)(2)(b). He then committed the offense of stopping after accident/hit skip when, having knowledge of the motor vehicle accident or collision, he failed to stop his vehicle, remain at the scene, and provide his information and the vehicle owner's information to the victim and the police. *See* R.C. 4549.02(A)(1). Thus, the offenses were committed separately, one after the other, when Mr. Moore first caused the accident and then fled from the scene of that accident on foot. Mr. Moore also committed the offense of stopping after accident/hit skip with a separate animus, as his purpose or motivation was to avoid taking responsibility for causing the accident and to avoid apprehension by the police.

{¶13} Because the offenses were committed separately and with a separate animus, Mr. Moore has failed to demonstrate a reasonable probability that vehicular assault and stopping after accident/hit skip were allied offenses of similar import. We therefore conclude that he has failed to establish any error, let alone plain error, committed by the trial court in this matter.

{¶14} Mr. Moore's sole assignment of error is overruled.

III.

{¶15} Mr. Moore's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶16} I would also affirm but solely on the basis that vehicular assault and hit/skip are not based on the same conduct.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.