[Cite as *State v. Mullins*, 2016-Ohio-5486.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | Case No. 15CA3716 |
| Plaintiff-Appellee, | : | |
| | | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| | | |
| JAMES L. MULLINS, | : | **RELEASED: 08/18/2016** |
| | | |
| Defendant-Appellant. | : | |

APPEARANCES:

Steven H. Eckstein, Washington Court House, Ohio, for appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Jay Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.

Harsha, J.

{¶1}   A jury convicted James L. Mullins of failure to comply with an order or signal of a police officer, two counts of vehicular assault, and failure to stop after an accident. On appeal Mullins contends that the trial court erred in denying his motion for merger of all of the offenses because the same conduct constituted multiple offenses of similar import. However, Mullins's conduct of failing to comply with an order or signal of a police officer, his two acts of vehicular assault, and his failure to stop after an accident were of dissimilar import, e.g. they were committed with separate animus or resulted in separate identifiable harm. Therefore, the trial court correctly overruled Mullins's motion to merge all counts.

{¶2}   Mullins also contends that the record does not support the trial court's imposition of maximum consecutive sentences. He claims that the trial court failed to consider all the sentencing guidelines and to make all the statutorily required findings.

However, the transcript of the sentencing hearing and the express terms of the sentencing entry show that the trial court considered the appropriate factors and made the requisite findings before imposing maximum consecutive sentences. We find no clear and convincing evidence that the trial court imposed a sentence that was unsupported by the record or otherwise contrary to law.

{¶3}    We affirm the judgment of the trial court.

## I. FACTS

{¶4}    On Christmas day, James L. Mullins was driving south on State Route 23 from Pike County into Scioto County at speeds of up to 105 miles per hour. A State Highway Patrol Trooper activated his vehicle's lights and sirens and pursued Mullins, who failed to stop. Mullins continued to speed as fast as 86 mph as he drove through the City of Portsmouth, where he struck another vehicle. The Portsmouth City Police witnessed the accident and joined the pursuit. After the accident Mullins continued driving and did not stop until his vehicle blew a tire, rendering it inoperable. Only then did he stop, get out, and surrender after being pursued for over 5 miles. The two victims of the accident suffered injuries, which necessitated medical treatment.

{¶5}    After officers took him into custody and gave him a *Miranda* warning, Mullins waived his right to remain silent and answered questions. He told police that he was speeding because he wanted to go fast and he did not stop for the lights and sirens because he did not want to stop.

{¶6}    The state indicted Mullins on one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a third degree felony; two counts of vehicular assault for recklessly causing serious physical

harm to two persons in violation of R.C. 2903.08(A)(2)(b) and (C)(2), a fourth degree

felony; and one count of failure to stop after an accident in violation of R.C. 4549.02(A)

and (B), a fifth degree felony.  After a jury found Mullins guilty on all four counts, the trial

court sentenced Mullins to the maximum penalty on each of the counts with consecutive

sentences for an aggregate seven-year prison term. Mullins appealed.

## II. ASSIGNMENTS OF ERROR

**{¶7}**   Mullins raises two assignments of error:

1.   THE TRIAL COURT ERRED IN NOT MERGING ALL COUNTS DURING
     SENTENCING.

2.   THE TRIAL COURT ERRED IN IMPOSING MAXIMUM CONSECUTIVE
     SENTENCES AS THE RECORD FAILS TO SUPPORT THE
     SENTENCING COURT[']S FINDINGS.

## III. LAW AND ANALYSIS

### A.  Merger

**{¶8}**   First Mullins argues that the trial court erred in failing to merge all of his

convictions under R.C. 2941.25. The Double Jeopardy Clause of the Fifth Amendment

to the United States Constitution provides that no person shall "be subject for the same

offence to be twice put in jeopardy of life or limb," and this protection applies to Ohio

citizens through the Fourteenth Amendment and is additionally guaranteed by Article I,

Section 10 of the Ohio Constitution.  This constitutional protection prohibits multiple

punishments for the same offense being imposed in a single trial absent a clear

legislative intent to the contrary.  *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct.

2072, 23 L.Ed.2d 656 (1969), overruled on other grounds, *Alabama v. Smith*, 490 U.S.

794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); *Missouri v. Hunter,* 535 U.S. 359, 103

S.Ct. 673, 74 L.Ed.2d 535 (1983).

{¶9}   The General Assembly enacted R.C. 2941.25 to specify when multiple

punishments can be imposed in the same trial:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

### 1. Burden of Proof & Standard of Review

{¶10}   Merger is a sentencing question where the defendant bears the burden of

establishing his entitlement to the protection of R.C. 2941.25 by a preponderance of the

evidence.   *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661,

¶ 18.

{¶11}   Appellate courts apply a de novo standard of review in an appeal

challenging a trial court's determination of whether offenses constitute allied offenses of

similar import that must be merged under R.C. 2941.25.  *State v. Williams*, 134 Ohio

St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28; *State v. Cole*, 4th Dist. Athens No.

12CA49, 2014-Ohio-2967, ¶ 7.

{¶12}   Under current Ohio law courts can only impose multiple punishments in a

single trial for a defendant's conduct under two situations: 1) where the charged crimes

are not allied offenses, i.e. it is not possible to commit multiple crimes with the same

action, *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061 and 2)

the crimes are allied offenses but the defendant's actions have dissimilar import, i.e. the

crimes were committed separately, or with a separate animus, or the resulting harm for

each offense is separate and identifiable. *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-

995, 34 N.E.3d 892, paragraph one of the syllabus.

2.  Allied Offenses – Step 1

**{¶13}**  Initially, we look to see if the charges Mullins faced represent allied

offenses. To accomplish that we must look at the defendant's conduct to determine if it

was possible to both commit one offense *and* commit the other by that conduct.

*Johnson* at ¶ 48. To do that we must also examine the crimes at issue. *Id.*

**{¶14}**  Failure to comply with an order or signal of a police officer, R.C.

2921.331(B) and (C)(5)(a)(ii), provides: "(B) No person shall operate a motor vehicle so

as willfully to elude or flee a police officer after receiving a visible or audible signal from

a police officer to bring the person's motor vehicle to a stop. * * * A violation of division

(B) of this section is a felony of the third degree if the jury or judge as trier of fact finds

any of the following by proof beyond a reasonable doubt: * * * (ii) The operation of the

motor vehicle by the offender caused a substantial risk of serious physical harm to

persons or property."

**{¶15}**  Vehicular assault, R.C. 2903.08(A)(2)(b) and (C)(2), provides:  "(A) No

person, while operating or participating in the operation of a motor vehicle, * * * shall

cause serious physical harm to another person or another's unborn in any of the

following ways: * * * [r]ecklessly." Subsection (C)(2) makes the violation a fourth degree

felony.

**{¶16}** Failure to stop after an accident, R.C. 4549.02(A) and (B), provides:

(A)  In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, immediately shall stop the driver's or operator's motor vehicle at the scene of the accident or collision and shall remain at the scene of the accident or collision until the driver or operator has given the driver's or operator's name and address and, if the driver or operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to any person injured in the accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision, or to any police officer at the scene of the accident or collision.

In the event the injured person is unable to comprehend and record the information required to be given by this section, the other driver involved in the accident or collision forthwith shall notify the nearest police authority concerning the location of the accident or collision, and the driver's name, address, and the registered number of the motor vehicle the driver was operating, and then remain at the scene of the accident or collision until a police officer arrives, unless removed from the scene by an emergency vehicle operated by a political subdivision or an ambulance.

*                          *                          *

(B) Whoever violates division (A) of this section is guilty of failure to stop after an accident, a misdemeanor of the first degree. If the accident or collision results in serious physical harm to a person, failure to stop after an accident is a felony of the fifth degree.

**{¶17}** It was possible for Mullins to commit the offense of failure to comply with an order or signal of a police officer and the offense of vehicular assault with his conduct, i.e. he could (and did) cause serious physical harm to another by the "reckless" act of fleeing or eluding a police officer at a high rate of speed.  It was also possible for Mullins to commit the offense of failure to comply with an order or signal of a police officer and the offense of failure to stop after an accident. Eluding or fleeing a police officer could be the result from failing to stop after an accident. Likewise vehicular

assault and failure to stop after an accident could result from his continued reckless driving.

### 3.  Offenses of Similar Import – Step 2

**{¶18}**  However, even though it is possible to commit all of these offenses with the same conduct, and thus they are allied offenses, we conclude that Mullins can be separately punished for each one. Mullins's conduct of failing to comply with an order or signal of a police officer, his two acts of vehicular assault, and his failure to stop after an accident were of dissimilar import, e.g. they were committed with separate animus or resulted in separate, identifiable harms.

### a.  Two Vehicular Assault Offenses

**{¶19}**  The two counts of vehicular assault resulted from Mullins crashing into and injuring two persons. "When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts." *Ruff,* at ¶ 26. Thus, the trial court properly rejected merger of these two counts.

### b. Fleeing/Eluding Offense and Vehicular Assault Offenses

**{¶20}**  Mullins was speeding along Route 23 and refused to pull over for a trooper's sirens and lights. He eventually crashed into another vehicle and caused serious physical injuries to its occupants.  Although his animus for both offenses may be the same – enjoyment of the thrill of a high-speed, reckless chase – the resulting harms are different. His refusal to stop for police harmed the peace and dignity of the state in the general sense, i.e. it passed an inherent risk to the public at large. His vehicular assaults resulted in serious physical harm to specific citizens, i.e. the occupants of the

other vehicle.  Because the resulting harms are different in nature, these two offenses are "of dissimilar import", i.e. "they are not alike in their significance and their resulting harm." *Ruff* at ¶ 21. The trial court correctly rejected merger of these two offenses.

c. Fleeing/Eluding Offense and Failure to Stop After Accident Offense

{¶21}  The count of failure to comply with an order or signal of a police officer does not merge into the count of failure to stop after the accident. Although Mullins's failure to comply with an order of the police and his failure to stop after the accident involved the same conduct – fleeing, they are dissimilar in import because he committed them with a separate animus or motivation, and they resulted in separate harms. After Mullins crashed into another vehicle, he had a separate and distinct duty to immediately stop and remain at the scene, particularly where the collision resulted in serious physical harm to persons. His animus in failing to do so was to avoid possible civil liability for the injuries sustained by the occupants of the other vehicle. Mullins's animus for initially fleeing and eluding the trooper was to continue his joy-riding, thrill-seeking conduct. And, the harm that results from each offense is separate and identifiable. The harm caused by his failure to comply with police is that he disrupted the peace and offended the dignity of the state. The harm caused by his failure to stop after the accident is the victims' inability to identify him and seek redress for their injuries. The trial court correctly rejected merger for these two offenses.

d. Vehicular Assault Offenses and Failure to Stop After Accident

{¶22}  Finally, Mullins's vehicular assault offenses do not merge with his failure to stop after an accident offense because they were committed with separate animus and resulted in separate harms.  His animus for vehicular assault was to enjoy the thrill of

reckless, high-speed driving and his animus for failure to stop after causing an accident was to avoid liability to the occupants of the vehicle.  And the harm caused by vehicular assault was serious physical injuries to the vehicle's occupants while the harm caused by his failure to stop is the victims' inability to identify him and seek redress for their injuries. Because these two offenses have neither the same animus nor the same harm, the trial court correctly did not merge these offenses.

**{¶23}**  Mullins bears the burden of showing that he is entitled to merger but he cites only evidence that arguably supports a showing that the charges were allied offenses. However, the record does not support a finding that the crimes were of similar import. We overrule Mullins's first assignment of error.

### B. Maximum Consecutive Sentences

**{¶24}**  In his second assignment of error Mullins contends that the record does not support the trial court's imposition of maximum consecutive sentences because the trial court failed to consider the sentencing guidelines in imposing the maximum sentence and failed make all the required findings before imposing consecutive sentences.  He argues his case should be remanded for resentencing.

**{¶25}**  When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, ___Ohio St.3d___, 2016–Ohio–1002, ___N.E.3d ___, ¶ 22. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce or modify a sentence or may vacate the sentence and remand the matter to the sentencing court if it clearly and convincingly finds either:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

1.  Maximum Sentences

**{¶26}**  Maximum sentences do not require specific findings referenced in R .C. 2953.08(G)(2)(a), thus our focus is on subpart (b) of that section to determine if the sentence is otherwise contrary to law. *See State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, ¶ 5; *State v. Lister*, 4th Dist. Pickaway No. 13CA15, 2014–Ohio–1405, ¶ 10.  A sentencing court must still consider R.C. 2929.11 and R.C. 2929.12 before imposing a sentence.

**{¶27}**  At the sentencing hearing and in the sentencing entry, the trial court expressly stated that it considered R.C. 2929.11 and R.C. 2929.12. Although the court did not make specific findings concerning the various factors in these statutes, it had no obligation to do so. *State v. Taylor,* 4th Dist. Athens No. 08CA23, 2009–Ohio–3119, ¶ 13, citing *State v. Woodruff,* 4th Dist. Ross No. 07CA2972, 2008–Ohio–967, ¶ 16. Therefore, we reject Mullins's argument. And because Mullins cites no other failure of the trial court to comply with any other "applicable rules and statutes," we find that Mullins's maximum sentence is not clearly and convincingly contrary to law. *See State v. Kulchar*, 4th Dist. Athens No. 10CA6, 2015-Ohio-3703, ¶ 47.

2.  Consecutive Sentences

**{¶28}**  Under the tripartite procedure set forth in R.C. 2929.14(C)(4) for imposing consecutive sentences, the trial court had to find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) that one of three

circumstances specified in the statute applies. *See generally State v. Baker*, 4th Dist.

Athens No. 13CA18, 2014–Ohio–1967, ¶ 35–36. The trial court is required to make

these findings at the sentencing hearing and to incorporate its findings in its sentencing

entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, syllabus.

"The trial court need not use talismanic words to comply with R.C. 2929.14(C)(4), but it

must be clear from the record that the trial court actually made the required findings."

*State v. Campbell*, 4th Dist. Adams No. 13CA969, 2014-Ohio-3860, ¶ 25.

**{¶29}** Mullins failed to object to the imposition of consecutive sentences at the

sentencing hearing and forfeited this issue, absent plain error. *State v. Hunter*, 131 Ohio

St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 152. Plain error exists when the error is

plain or obvious and when the error affects substantial rights. To rise to the level of plain

error, it must appear on the face of the record that an error was committed. *State v.*

*Slagle*, 65 Ohio St.3d 597, 605, 605 N.E.2d 916 (1992) ("The appellate court must

examine the error asserted by the defendant-appellant in light of all of the evidence").

**{¶30}** The test for plain error is stringent. A party claiming plain error must show

that (1) an error occurred, (2) the error was obvious, and (3) the error affected the

outcome of the trial. Moreover, the burden of demonstrating plain error is on the party

asserting it. *State v. Davis*, 116 Ohio St.3d 404, 2008–Ohio–2, 880 N.E.2d 21 (where

nothing in the record supported a finding of plain error, appellant failed to meet his

burden). An error affects substantial rights when, but for the error, the outcome of the

proceeding clearly would have been otherwise. We take notice of plain error with the

utmost of caution, under exceptional circumstances, and only to prevent a manifest

miscarriage of justice. *State v. Merryman*, 4th Dist. Athens No. 12A28, 2013-Ohio-4810, ¶ 49.

**{¶31}** Again, the record shows that at both the sentencing hearing and in the sentencing entry, the trial court expressly stated that "consecutive sentences are necessary to protect the public from future crime or to punish the offender, and are not disproportionate to the seriousness of the offender[']s conduct, and the danger the offender poses to the public, and further finds that the defendant's criminal history shows that consecutive terms are needed to protect the public from future crime by the defendant." Thus, the trial court sufficiently fulfilled the "finding" requirement under R.C. 2929.14(C)(4).

**{¶32}** Because the trial court did not err in imposing maximum consecutive sentences, we overrule the second assignment of error.

## IV. CONCLUSION

**{¶33}** Having overruled both of Mullins's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J: Concur in Judgment and Opinion.

For the Court

BY: _____
        William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**