[Cite as *State v. Alvarez*, 2021-Ohio-1654.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109148 |
| v. | : | |
| ISRAEL ALVAREZ, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** May 7, 2021

Cuyahoga County Court of Common Pleas
Case No. CR-17-614708-A
Application for Reopening
Motion No. 543780

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee*.

Israel Alvarez, *pro se*.

MARY J. BOYLE, A.J.:

{¶ 1} On January 25, 2021, the applicant, Israel Alvarez, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Alvarez,* 8th Dist. Cuyahoga No. 109148, 2020-Ohio-5183, in which this court affirmed Alvarez's

convictions for aggravated vehicular homicide, driving under the influence, failure to stop after an accident, and drug possession. Alvarez now argues that his appellate counsel was ineffective and should have argued: (1) that aggravated vehicular homicide and failure to stop after an accident were allied offenses and (2) that his trial counsel was ineffective for failing to pursue a motion to suppress. On February 24, 2021, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application.

{¶ 2} On the morning of January 24, 2017, Officer David Fahey was setting up flares on I-90 to divert traffic away from a car accident. Alvarez, driving in excess of the speed limit, hit and killed Officer Fahey; the force of the collision flung the officer into the air. Alvarez kept going as if no accident had occurred. Witnesses were able to give a description of the car, a white Toyota Camry, and a partial license plate number. Later that morning a peace officer saw a white Toyota Camry that matched the partial license plate in a driveway in Lorain. The front of the car had extensive damage, and remnants of a police raincoat were on the hood and windshield. After a Lorain SWAT team surrounded the house, Alvarez came out of the house, admitted to driving on I-90 earlier that day, and thought he had hit something in the median. Later that day Alvarez's blood tested positive for cocaine and marijuana. A bag of cocaine was found in the Camry, and DNA on the bag matched Alvarez's DNA.

{¶ 3} The grand jury indicted Alvarez for the following offenses: (1) aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), a second-

degree felony, with a peace officer specification that would require a mandatory five-year sentence to be served prior and consecutively to the underlying sentence for aggravated vehicular homicide; (2) aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a), a third-degree felony; (3) driving while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor; (4) failure to stop after an accident in violation of R.C. 4549.02(A), a third-degree felony; and (5) drug possession in violation of R.C. 2925.11(A), a fifth-degree felony.

{¶ 4} Alvarez's trial attorney filed a motion to suppress the fruits of a warrantless, unconstitutional search. This motion argued that the peace officer conducted a warrantless entry onto the curtilage of Alvarez's residence to inspect the front of the car, confirm the damage, and see remnants of the police raincoat. Thus, all of the incriminating physical evidence and all of the evidence derived from Alvarez's statement to a detective after his arrest should be suppressed. The state replied that the officer did not trespass on the curtilage of Alvarez's property, but used the other side of a shared driveway to observe the car and did not search the car itself. The state also asserted the independent source exception to the exclusionary rule.

{¶ 5} The trial court did not rule on the motion to suppress. Instead, Alvarez agreed to a negotiated plea. The state dismissed Count 1, Alvarez pled guilty to the remaining four counts, and the parties agreed to a sentence of no less than eight years and no more than twelve years. The trial court imposed an aggregate sentence of twelve years. Alvarez's appellate counsel argued that he did not enter a

voluntary, knowing, and intelligent plea. Alvarez now asserts that his appellate counsel was ineffective.

{¶ 6} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶ 7} In *Strickland*, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

{¶ 8} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the

importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶ 9} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶ 10} Alvarez first argues that the charges of aggravated vehicular homicide and failure to stop after an accident should have merged as allied offenses. R.C. 2941.25 provides in pertinent part as follows:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment * * * may contain counts for all such offenses, but the defendant may

be convicted of only one. (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 11} In *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph one of the syllabus, the Supreme Court of Ohio clarified that "[i]n determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors — the conduct, the animus, and the import." Offenses are of dissimilar import when the defendant's conduct results in harms that are separate and identifiable. "Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *Id.*, paragraph three of the syllabus.

{¶ 12} Alvarez argues that aggravated vehicular homicide and failure to stop after an accident are allied offenses in his case. He asserts that he had no knowledge of the motor vehicle accident or collision with a person and, thus, did not have the necessary mens rea for failure to stop after the accident. The collision and the failure to stop were all one continuous action. The conduct is the same and the animus was the same. Therefore, the offenses should have merged, and his appellate counsel was ineffective for not arguing this issue.

{¶ 13} However, Alvarez's argument is not persuasive. The court notes that he cites no case authority that holds that vehicular homicide or assault and failure to stop after an accident are allied offenses of similar import. The Fourth Appellate District in *State v. Mullins*, 4th Dist. Scioto No. 15CA3716, 2016-Ohio-5486, explained that those two offenses have dissimilar import. In that case, Mullins was speeding through the city of Portsmouth, when he struck another vehicle containing two people, did not stop, and continued speeding, trying to elude the police. He was convicted, inter alia, of two counts of vehicular assault and failure to stop after an accident. On appeal, Mullins argued that the offenses should have merged. The court of appeals rejected that argument:

> Mullins's vehicular assault offenses do not merge with his failure to stop after an accident offense because they were committed with separate animus and resulted in separate harms. His animus for vehicular assault was to enjoy the thrill of reckless, high-speed driving and his animus for failure to stop after causing an accident was to avoid liability to the occupants of the vehicle. And the harm caused by vehicular assault was serious physical injury to the vehicle's occupants while the harm caused by his failure to stop is the victim's inability to identify him and seek redress for their injuries.

2016-Ohio-5486, ¶ 22. The court reasoned that the two offenses identify and punish different harms; therefore, they are not allied offenses.

{¶ 14} In *State v. Ward,* 8th Dist. Cuyahoga No. 104012, 2017-Ohio-13, the defendant failed to obey the signal of an officer and fled at a high rate of speed. He crashed into a jogging pedestrian and then fled the scene of the accident. Ward pled guilty to aggravated vehicular homicide, failure to stop after an accident, and failure to comply with the signal of a police officer. On appeal, he argued that all of these

offenses were allied offenses. This court ruled that although Ward's actions were interconnected, they were independent acts committed with separate animus. Other Ohio courts have also concluded that vehicular assault or homicide and failure to stop after an accident are not allied offenses. *State v. Moore,* 9th Dist. Summit No. 28914, 2019-Ohio-1330; and *State v. Kulasa,* 10th Dist. Franklin No. 11AP-826, 2012-Ohio-6021.[1] Accordingly, appellate counsel in the exercise of professional judgment properly declined to argue this issue.

{¶ 15} Alvarez's second argument is that his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective for failing to pursue the motion to suppress. In his supporting affidavit, Alvarez avers that there was a reasonable probability that the motion to suppress would have been successful and changed the outcome of the case. He further avers that his trial counsel's failure to pursue the motion rendered the guilty plea less than knowing, intelligent, and voluntary. "But for counsel's error of failing to pursue the motion to suppress, he

---

[1] In *State v. Wheeler*, 6th Dist. Lucas No. L-06-1125, 2007-Ohio-6375, the court of appeals ruled that aggravated vehicular homicide and failure to stop after an accident were not allied offenses under the old analysis of allied offenses before the Supreme Court of Ohio issued *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. In *State v. Temaj-Felix*, 1st Dist. Hamilton No. C-120040, 2013-Ohio-4463, the court implicitly held that aggravated vehicular homicide and failure to stop after an accident were not allied offenses. The appellant had pled guilty to one count of aggravated vehicular homicide, one count of vehicular assault, and two counts of failure to stop after an accident. After the appellant's lawyer filed an *Anders* brief, the court determined that determining whether the two counts of failure to stop were allied offenses was an arguable legal issue, but the court did not extend the scope of arguable legal issues to whether aggravated vehicular homicide and failure to stop were allied offenses.

would not have pleaded guilty and would have insisted on going to trial." (Applicant's supporting affidavit.)

{¶ 16} However, the court is not persuaded. The state opposed the motion to suppress with multiple arguments. The state insisted that the investigating officer did not violate the curtilage of Alvarez's property; the officer was on the property next door, an area in which Alvarez had no expectation of privacy. The officer did not search the car, but merely observed it from a distance. The state also argues that under the independent source doctrine, there was sufficient evidence upon which to obtain a search warrant, and the state would have obtained the evidence anyway. Thus, the state argues that Alvarez was not prejudiced.

{¶ 17} Moreover, defense counsel is not required to obtain rulings on all pending pretrial motions before negotiating a plea agreement. If such pretrial motions, such as motions to suppress, are denied, counsel's ability to negotiate a favorable plea agreement are diminished. Thus, declining to obtain a ruling on a motion to suppress prior to entering into a plea agreement is within the realm of trial strategy and tactics and does not deprive a defendant of the effective assistance of counsel. *State v. McDonall*, 8th Dist. Cuyahoga No. 75245, 1999 Ohio App. LEXIS 6074 (Dec. 16, 1999); and *State v. Lewis,* 11th Dist. Trumbull No. 92-T-4687, 1994 Ohio App. LEXIS 3652 (Aug. 19, 1994).

{¶ 18} In the present case, in determining whether Alvarez's plea was voluntary, this court observed that "if Alvarez had gone to trial on all counts, he would have been exposed to additional nine years of potential prison time." 2020-

Ohio-5182, ¶ 25.  This court also noted that "Alvarez told the presentence investigator that he pleaded guilty to receive a shorter sentence." *Id.*

{¶ 19} Furthermore, pleading guilty restricts the grounds for appealing.  By "entering a guilty plea, a defendant waives the right to contest non-jurisdictional defects that occurred before the plea was entered."  *State v. Szidik,* 8th Dist. Cuyahoga No. 95644, 2011-Ohio-4093, ¶ 7; *State v. Moree,* 8th Dist. Cuyahoga  No. 90894, 2009-Ohio-472, ¶ 21; quoting *State v. Salter,* 8th Dist. Cuyahoga No. 82488, 2003-Ohio-5652.  (Citations omitted.)  "A guilty plea waives any error in pretrial suppression motions."  *State v. Chichester,* 1st Dist. Hamilton No. C-050381, 2006-Ohio-4030; *State v. Bogan,* 8th Dist. Cuyahoga No. 84468, 2005-Ohio-3412; and *State v. Collier,* 8th Dist. Cuyahoga No. 95572, 2011-Ohio-6154.  Given that it was not certain that the trial court would have granted the motion to suppress, that declining to pursue a motion to suppress in obtaining a favorable plea agreement comes with strategy and tactics, and that a guilty plea limits the scope of an appeal, this court rules that appellate counsel was not deficient for failing to argue Alvarez's second issue.

{¶ 20} Accordingly, this court denies the application to reopen.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
LISA B. FORBES, J., CONCUR